FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2017 DEC -4  PM 4: 01

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

RUDY CALLAHAN,

　　　Plaintiff,

-vs-                                              CASE NO.:  6:17cv2081-orl-37DCI

ADT, LLC,

　　　Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

　　　COMES NOW Plaintiff, Rudy Callahan, by and through the undersigned counsel, and sues Defendant, ADT, LLC, and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA").

## INTRODUCTION

　　　1.　　The TCPA was enacted to prevent companies like Defendant from invading American citizens' privacy and prevent abusive "robo-calls."

　　　2.　　"The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, –US--, 132 S.Ct. 740, 745, 181 L.Ed.2d 881 (2012).

　　　3.　　"No one can deny the legitimacy of the state's goal: Preventing the phone (at home or in one's pocket) from frequently ringing with unwanted calls. Every call uses some of the phone owner's time and mental energy, both of which are precious.  Most members of the public want to limit calls, especially cellphone calls, to family and

1

acquaintances, and to get their political information (not to mention their advertisements)
[*6] in other ways." *Patriotic Veterans v. Zoeller*, No. 16-2059, 2017 U.S. App. LEXIS
47, at *5-6 (7th Cir. Jan 3, 2017).

4.     "Senator Hollings, the TCPA's sponsor, described these calls as 'the
scourge of modern civilization, they wake us up in the morning; they interrupt our dinner
at night; they force the sick and elderly out of bed; they hound us until we want to rip the
telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991) Senator Hollings presumably
intended to give telephone subscribers another option: "telling the auto-dialers to simply
stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

5.     According to the Federal Communications Commission (FCC),
"Unwanted calls and texts are the number one complaint to the FCC. There are thousands
of complaints to the FCC every month on both telemarketing and robocalls. The FCC
received      more      than      215,000      TCPA      complaints      in      2014."
https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal.

## JURISDICTION AND VENUE

6.     Jurisdiction and venue for purposes of this action are appropriate and
conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves
violations of the TCPA.

7.     Subject matter jurisdiction, federal question jurisdiction, for purposes of
this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the
district courts shall have original jurisdiction of all civil actions arising under the
Constitution, laws, or treaties of the United States; and this action involves violations of

47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

8.      The alleged violations described herein occurred in Orange County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

9.      Plaintiff is a natural person, residing in Apopka, Orange County, Florida.

10.     Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

11.     Plaintiff is a "consumer" as defined in Florida Statute §559.55(8).

12.     Defendant is a corporation with its principle place of business located at 1501 Yamato Road, Boca Raton, Florida 33431-4438, and doing business in the State of Florida through its Registered Agent, C T Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324.

13.     The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

14.     Defendant is a "creditor" as defined in Florida Statute §559.55(5).

15.     Plaintiff is the regular user and carrier of the cellular telephone number at issue, (407) *** - 7100, and was the called party and recipient of Defendant's hereinafter described calls.

16.     Defendant placed an exorbitant number of automated calls to Plaintiff's cellular telephone (407) *** - 7100 in an attempt to collect on an alarm system loan.

17.     On several occasions over the last four (4) years, Plaintiff instructed Defendant's agents to stop calling his cellular telephone.

18.     Upon receipt of the calls from Defendant, Plaintiff's caller ID identified the calls were being initiated from, but not limited to, the following phone numbers: (866) 843-0374, and when that number is called, a pre-recorded message answers "Welcome to ADT – always there.  Please hold while I transfer you. To maintain excellence service all calls to and from ADT may be recorded.  You have reached ADT's account service center.  Please hold for the first available agent.  All calls will be monitored for quality assurance."

19.     Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, without human intervention, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or pre-recorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "auto-dialer calls"). Plaintiff will testify that he knew it was an auto-dialer because of the vast number of calls he received and because when he answered a call from the Defendant he would hear either an extended pause before a representative would come on the line, or an automated message telling him the call was from Defendant and to please hold the line for the next available representative.

20.     Furthermore, some or all of the calls at issue were placed by the Defendant using a "pre-recorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

21.     None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

22.     Defendant attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

23.     In or about January of 2017, Plaintiff received a call from the Defendant, met with an extended pause, eventually was connected to a live representative, and informed that agent/representative of Defendant that there was a discrepancy as to what, if anything, he owed, stated he wanted all correspondence by mail, and demanded that the Defendant cease placing calls to his aforementioned cellular telephone number.

24.     During the aforementioned phone conversation in or about January of 2017 with Defendant's agent/representative, Plaintiff unequivocally revoked any express consent Defendant may have had for placement of telephone calls to Plaintiff's aforementioned cellular telephone number by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

25.     Each subsequent call the Defendant made to the Plaintiff's aforementioned cellular telephone number was done so without the "express consent" of the Plaintiff.

26.     Each subsequent call the Defendant made to the Plaintiff's aforementioned cellular telephone number was knowing and willful.

27.     Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abuse, calling the Plaintiff despite the Plaintiff revoking any express

consent the Defendant may have had to call his aforementioned cellular telephone number.

28.     On at least five (5) separate occasions, Plaintiff has answered a call from Defendant, held the line to be connected to a live representative, and demanded that Defendant cease placing calls to his aforementioned cellular telephone number.  Her principal reason for answering these calls and making these demands of Defendant was the cumulative injury and annoyance he suffered from the calls placed by Defendant. These injuries are further described in paragraphs thirty-three (33) through thirty-nine (39) herein.

29.     Each of the Plaintiff's requests for the harassment to end was ignored.

30.     Defendant has placed approximately two hundred (200) actionable calls to Plaintiff's aforementioned cellular telephone number without his express consent (please see attached **Exhibit "A"** representing a non-exclusive call log of twelve (12) calls from March 8, 2017 through March 27, 2017).

31.     Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling multiple times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

32.     From each and every call placed without express consent by the Defendant to the Plaintiff's cellular telephone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon his right of seclusion.

33.     From each and every call placed without express consent by the Defendant to the Plaintiff's cellular telephone, Plaintiff suffered the injury of the occupation of his

cellular telephone line and cellular telephone by unwelcome calls, making the cellular telephone unavailable for legitimate callers or outgoing calls while the cellular telephone was ringing from the Defendant's call.

34.     From each and every call placed without express consent by the Defendant to the Plaintiff's cellular telephone, Plaintiff suffered the injury of unnecessary expenditure of his time.  For calls he answered, the time he spent on the call was unnecessary as he repeatedly asked for the calls to stop.  Even for unanswered calls, the Plaintiff had to waste time to deal with missed call notifications and call logs that reflected the unwanted calls.  This also impaired the usefulness of these features of the Plaintiff's cellular telephone, which are designed to inform the user of important missed communications.

35.     Each and every call placed without express consent by the Defendant to the Plaintiff's cellular telephone was an injury in the form of a nuisance and annoyance to the Plaintiff.  For calls that were answered, the Plaintiff had to go to the unnecessary trouble of answering them.  Even for unanswered calls, the Plaintiff had to deal with missed call notifications and call logs that reflected the unwanted calls.  This also impaired the usefulness of these features of the Plaintiff's cellular telephone, which are designed to inform the user of important missed communications.

36.     Each and every call placed without express consent by the Defendant to the Plaintiff's cellular telephone resulted in the injury of unnecessary expenditure of the Plaintiff's cellular telephone's battery power.

37.     Each and every call placed without express consent by the Defendant to the Plaintiff's cellular telephone resulted in the injury of a trespass to the Plaintiff's chattel, namely his cellular telephone and his cellular telephone services.

38.     As a cumulative result of Defendant's ceaseless barrage of unlawful calls to Plaintiff's aforementioned cellular telephone number, the Plaintiff suffered the injuries of annoyance, anxiety, stress and frustration.

39.     Defendant's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to Defendant they do not wish to be called.

40.     Defendant's corporate policy provided no means for Plaintiff to have Plaintiff's cellular telephone number removed from Defendant's call list.

41.     Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

42.     Defendant has numerous complaints against it across the country asserting that its automatic telephone dialing system continues to call despite being requested to stop.

43.     Defendant has had numerous complaints against it from consumers across the country asking to not be called; however, Defendant continues to call these individuals.

44.     Defendant violated the TCPA with respect to the Plaintiff.

45.     Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA)

46.     Plaintiff incorporates paragraphs one (1) through forty-five (45) above as if fully stated herein.

47.     Defendant willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Plaintiff did not wish to receive any telephone communication from Defendant, and demanded for the calls to stop.

48.     Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against ADT, LLC,  for statutory damages, treble damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

49.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-five (45) above as if fully set forth herein.

50.     At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

51.    Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her family with such frequency as can reasonably be expected to harass the debtor or her family.

52.    Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or her family.

53.    Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against ADT, LLC, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully Submitted,

*/s/ Shaughn C. Hill*

Shaughn C. Hill, Esq.
FBN: 105998
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
SHill@forthepeople.com
LCrouch@forthepeople.com
JSherwood@forthepeople.com
*Counsel for Plaintiff*